[Civ. No. 2096.    Third Appellate District.—August 30, 1920.]

HENRY KEENE et al., Appellants, v. THE BOARD OF DIRECTORS OF THE VETERANS' HOME OF CALIFORNIA et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—ACTION TO RECOVER MONEY OF DECEASED—PROOF OF HEIRSHIP—CONFLICTING EVIDENCE—FINDING —APPEAL.—In an action against the board of directors and the secretary-treasurer of the Veterans' Home of California, by the alleged heirs at law of a deceased inmate of the home, to recover moneys which belonged to the deceased at the time of his death, if the evidence upon the question of heirship is conflicting, the finding of the trial court that the plaintiffs are not the heirs at law of the deceased is conclusive on appeal.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry G. W. Dinkelspiel and E. L. Webber for Appellants.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondents.

NICOL, P. J., *pro tem.*—This is an action by the plaintiffs, claiming to be heirs at law of one George W. Keene, deceased, to recover from defendants certain moneys held by them, that plaintiffs claim to be entitled to as heirs at law of said decedent.

The said George W. Keene died on the twenty-seventh day of August, 1916, and was at the time of his death a resident of Napa County, and an inmate of the Veterans' Home of California, located at Yountville, in the said county of Napa. Prior to his death, he turned over to defendants sixteen pension checks representing $1,029.17 in money; these uncashed checks he left at the time of his death, and in addition, there was on deposit with defendants belonging to George W. Keene at the time of his death the sum of $260.17; the public administrator of the county of Napa was appointed administrator of the estate of deceased; he

administered upon his estate and the probate court on the nineteenth day of November, 1917, made and entered its decree distributing the residue; under the decree of distribution, the residue amounting to $876.25 was ordered paid "to the treasurer of Veterans' Home at Yountville as a trustee to be held in trust and disbursed in accordance with the laws of the state of California governing trust funds paid to the directors of the Veterans' Home at Yountville, or any officer of the Home, and upon filing proper receipts," etc. . . .

Subsequent to the making of this decree of distribution, the plaintiffs demanded of defendants all of the moneys deposited by the decedent, together with the moneys distributed in the decedent's estate, except one-sixth thereof, that plaintiffs alleged belonged to a sister of decedent, Jane Keene, not a party to this action, which demand was refused by defendants upon the ground that so far as the moneys distributed to respondents out of the decedent's estate was concerned, the probate court had no power or authority to so distribute said estate to them; that, on the contrary, the estate should have been distributed to the county treasurer, and suggesting that plaintiffs procure an order from the probate court directing respondents to deliver $876.25, so distributed to defendants to the county treasurer of the county of Napa.

The plaintiffs did make such application by petition for such order, and after a hearing by the court the same was denied. No appeal was taken from this order. It is stated in the briefs that the reason for such denial was the fact that more than six months had expired from the date of the entry of the decree, and the same had become final. Subsequent to the denial of said petition the plaintiffs instituted this action and after a trial judgment was rendered in favor of defendants, from which judgment this appeal is taken.

It is admitted by the respondents that the aforesaid sum of $260.17 is money which can be disposed of by the respondents without probate (Stats. 1897, p. 106; amended 1911, Stats. 1911, p. 1447), but the said sum of $876.25 has not the same status. The latter sum represents the balance of the sum of $1,029.17 remaining after payment of expenses of administration, which sum was obtained upon

cashing the check of the treasury department of the United States, which check was issued in favor of George W. Keene in place of sixteen pension checks theretofore issued to him from the same source and in his possession, but unindorsed at the time of his death. The proceeds of this check were subjected to probate and the proper procedure in the absence of heirs would have been to have ordered the residue paid to the county treasurer, under the provisions of section 1737 of the Code of Civil Procedure.

This court in construing the statute creating the Veterans' Home of California has decided that the only money belonging to an inmate of said Home which the directors of the institution can distribute to the heirs at law of the decedent directly and without probate is money belonging to the decedent and in the custody of the Home at the time of the death of the inmate. (*Brownlee* v. *Board of Directors*, 22 Cal. App. 207, [133 Pac. 1158].)

The appellants argue that if these moneys are the property of appellants the respondents are not entitled to retain the same merely because the probate court distributed the same to them instead of to the county treasurer. This argument is conceded by respondents to be undoubtedly correct. [1] But it is claimed by respondents that assuming that the appellants are entitled to said money in this proceeding, it still remained for the appellants to satisfy the lower court that they were the heirs at law to five-sixths of said money as alleged in the complaint; but that they failed to so satisfy the trial court and the court found that they were not the heirs at law of the said George W. Keene.

The proof offered by plaintiffs in support of their claim of heirship consisted mostly of depositions made by the claimants. These are about the same as far as the existence of a George W. Keene in their family is concerned, their relationship to a George W. Keene, their place of residence, the fact that a George W. Keene in their family left home a short time before the Civil War, following a dispute with his father about some money matters, that they received no word from him since the time of his leaving home, that they believe that the George W. Keene whom they knew is dead, and that he died an inmate of the Veterans' Home of California, according to a notice published

in a newspaper in the city of Utica, New York, advising of the death of a George W. Keene at said Home, which notice was seen by the claimant Edmund A. Keene.

The occupation of George W. Keene, according to the records of the Home, was that of a carpenter, while in the deposition of Edmund A. Keene it is stated that the George W. Keene to whom the deponent was related was a locksmith by occupation. That it appears from the records of the said Home, from information furnished by the decedent, George W. Keene had no relatives, that by the said records his birthplace is given as New York and in several of the depositions it is given as England. The army records give his birthplace as New York. Without entering into a full review of the evidence, suffice it to say that there is a sufficient conflict in the evidence upon the question of heirship as to render the finding of the trial court on that question conclusive. We are powerless to disturb said finding under the well-established rule of conflicting evidence, and the record in this case does not warrant us in substituting our judgment of the evidence for that of the trial court.

The judgment appealed from is affirmed.

Hart, J., and Burnett, J., concurred.